## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

|  |  |
|---|---|
| AMBER DOWDY, et al,,<br><br>          **Plaintiffs,**<br><br>**vs.**<br><br>**THE COLEMAN COMPANY, INC.,**<br><br>          **Defendant.** | **AMENDED<br>MEMORANDUM DECISION<br>& ORDER**<br><br>**Case No.  1:11CV45DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant The Coleman Company, Inc.'s Motion to Dismiss Plaintiffs' punitive damages claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On October 6, 2011, the court held a hearing on the motion.  At the hearing, Plaintiffs were represented by Jackson Howard, and Defendant was represented by John R. Lund and Matthew K. Holcomb.  At the hearing, the court took the motion under advisement.  The court has carefully considered the pleadings and memoranda submitted by the parties, as well as the law and facts relating to the motion.  Now being fully advised, the court renders the following Amended Memorandum Decision and Order.[1]

## BACKGROUND

Plaintiffs Amber Dowdy, Mark Thomlinson, and Teresa Thomlinson are the personal representatives of the estates of Steven Dowdy and Darian Thomlinson, respectively.  In June of

---

[1]  This amended order does not substantively change the court's prior order.  It is issued only to clarify the court's prior ruling.

2009, Steven Dowdy, then age 28, and Darian Thomlinson, then age 10, were camping with other friends and family members in Cache County, Utah.  Dowdy and Thomlinson used a propane radiant heater and a propane lantern in their tent to stay warm.  In the morning, Dowdy and Thomlison were found dead in their tents.

The heater, lantern, and tent that Dowdy and Thomlinson used that night were all designed, manufactured, and sold by Defendant The Coleman Company, Inc.  Plaintiffs allege that the heater and/or lantern produced deadly amounts of carbon monoxide, resulting in the deaths of Dowdy and Thomlinson.  Plaintiffs further allege that at the time the heater was designed, manufactured, and sold, Defendant was fully aware that its products produced large quantities of carbon monoxide and that campers using the heater and lantern within enclosed areas were dying.

Plaintiffs also allege that over the years, Defendant has received numerous written documents from the Federal Consumer Product Safety Commission ("CPSC"), had its engineers attend meetings at the CPSC, and has been fully apprized by the CPSC of the deficiencies in the warnings and instructions accompanying its propane radiant heaters.  However, Plaintiffs allege that even with that knowledge, Defendant failed to correct the deficiencies in its warnings and instructions.

Furthermore, Plaintiffs allege that Defendant has known for many years that the propane radiant heaters of its competitors in the marketplace have a built-in safety shut-off device that extinguishes the heaters before they emit deadly levels of carbon monoxide.  Plaintiffs states that even with the knowledge of the safe design of its competitors' propane radiant heaters, Defendant has failed to take any steps to correct its own design, warn of the hazards and deficiencies in its propane radiant heaters, issue post-sale warnings, or to conduct a product recall

to remove the dangerous products from the marketplace.

In their Complaint. Plaintiffs allege causes of action for products liability, defective warnings and instructions, negligence, and punitive damages.

## DISCUSSION

## <u>Motion to Dismiss</u>

Defendant moves to dismiss Plaintiffs' punitive damages claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Specifically, Defendant argues that the punitive damages claim should be dismissed because: (1) the claim is dependent on Plaintiffs' assertions related to a supposed post-sale duty to warn and instruct, which is a duty that has never been recognized by Utah courts; (2) the claim is dependant on an alleged post-sale duty to retrofit or recall, which is a duty not recognized under Utah law; (3) the punitive damages claim in Plaintiffs' Complaint lacks the requisite factual content to sustain a claim under *Twombly* and *Iqbal*; (4) the allegations supporting the punitive damages claim fail to meet the specificity required under Federal Rule of Civil Procedure 9(g); and (5) punitive damages is not an independent cause of action in Utah.

## 1.  Punitive Damages As an Independent Cause of Action

Both parties agree that punitive damages is not an independent cause of action under Utah law.  The Utah Supreme Court has specifically found that punitive damages cannot be pled as a separate cause of action because they are a remedy granted in connection with a cause of action. *Norman v. Arnold*, 57 P.3d 997, 1001, n.2 (Utah 2002).  As a remedy, punitive damages "must be requested in conjunction with a cognizable cause of action." *Id.*

In this case, Plaintiffs have erroneously pleaded punitive damages as a separate and independent cause of action.  Accordingly, Plaintiffs must plead punitive damages in connection with their products liability and duty to warn causes of action.  The court requests Plaintiffs to

3

file an Amended Complaint incorporating their punitive damages allegations within the cause of action under which Plaintiffs' are seeking punitive damages.  Plaintiffs shall file their Amended Complaint within twenty days of the date of this Order.

## 2.  Post-Sale Duties under Utah Law

Defendant argues that there is no state law authority supporting the imposition of any post-sale duty to warn in this context and, therefore, Utah courts would not impose any post-sale duty to warn upon Coleman under the facts of this case.  In *Tabor v. Metal Ware Corp.*, 168 P.3d 814, 818 (2007), the Utah Supreme Court adopted the Restatement (Third) of Torts: Products Liability, Section 13, and imposed a post-sale duty to warn on a successor corporation. Defendant argues that *Tabor* is inapplicable to this case where there is no successor corporation. Rather, in this case, Coleman was the initial manufacturer of the products.  Absent law directly applying the duty to warn to the initial manufacturer of a product, Defendant argues that a cause of action for post-sale duty to warn does not exist in Utah.   Similarly, Defendant argues that Plaintiff's assertion that Defendant is liable for punitive damages based on a post-sale duty to recall or retrofit its products fails for the same reasons as their post-sale duty to warn claim. There is no Utah law specifically recognizing such a claim.  Therefore, Defendant contends that Plaintiffs cannot plead punitive damages claim based on a nonexistent cause of action. Defendant further asserts that Plaintiffs' post-sale theories should be dismissed at this stage of the proceedings to avoid unnecessary discovery and the time and costs resulting from responding to such discovery.

Sitting in diversity jurisdiction, however, this court must apply Utah law and act as it believes a Utah court would act.  Utah law explicitly imposes a post-sale duty to warn on a successor corporation.  *Tabor v. Metal Ware Corp.*, 168 P.3d 814, 818 (Utah 2007).  The duty

under Section 10 of the Restatement (Third) of Torts: Products Liability, which applies to the

original seller, is essentially the same as the duty under Section 13, which applies to successor

entities.  Moreover, the reasons for imposing a post-sale duty to warn in the successor context are

the same as the reasons for imposing a continuing duty to warn on the original seller.  This court

concludes that the Utah Supreme Court would adopt a post-sale duty to warn for the original

manufacturer and seller if it was presented with the question.  The law in Utah would be

strangely inconsistent if it imposed greater post-sale duties on a successor entity than the original

seller.  Therefore, Defendant's motion to dismiss on these grounds is denied.

The issue of whether the Utah Supreme Court would recognize a post-sale duty to retrofit

or recall is less clear.  Section 11 of the Restatement (Third) of Torts: Products Liability provides

a duty of post-sale failure to recall a product.  Section 11 states that a seller is subject to liability

caused by the seller's failure to recall a product after the time of sale if the government requires

the seller to recall the product or the seller undertakes to recall a product and acts unreasonably.

In this case, Plaintiffs allege that Defendant received written documents from the CPSC

apprizing it of the deficiencies in the warnings and instructions accompanying its propane

heaters.  However, the CPSC directives Plaintiffs refer to do not require a recall.  The directives

relate to Plaintiffs' post-sale duty to warn.  There are no allegations in this case that a

governmental agency required Defendant to conduct a recall or that Defendant attempted to

initiate its own recall.  Therefore, whether or not Utah courts would adopt Section 11 of the

Restatement, the court does not believe that a post-sale duty to recall is implicated in this case.

Rather, Plaintiffs' allegations relate to their products liability claim and post-sale duty to warn

claim.  Accordingly, the court declines to recognize a post-sale duty to recall or retrofit because

the facts of this case do not require it to do so.

**3.** ***Twombly*** **and** ***Iqbal*** **Standards**

Defendant next argues that Plaintiffs' fourth cause of action for punitive damages does not state enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2006); *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008).   Plaintiffs argue that not only d o punitive damages not need to be pleaded with any level of specificity, they do not need to be pleaded at all under Utah law.  *See Behrens v. Raleigh Hills Hosp., Inc.*, 675 P.2d 1179, 1182 (Utah 1983).

In *Behrens*, the plaintiff sought to amend her complaint prior to trial to include a request for punitive damages and the trial court denied her motion.  *Id.* The Utah Supreme Court ruled that the denial was in error.  In addressing the issue, the court explained that Rule 15 allows for liberal amendment of pleadings and Rule 54(c) continues the story by providing that the final judgment shall grant the relief to which the party is entitled, even if the party has not demanded that relief in its pleading.  *See id.*  While Rule 8(a)(3) states that "'every pleading setting forth a claim for relief should contain a demand for judgment, this prayer for relief constitutes no part of the pleader's cause of action; a pleading should not be dismissed for legal insufficiency unless it appears to a certainty that the claimant is entitled to no relief, legal, equitable or maritime, under any state of facts which could be proved in support of the claim, irrespective of the prayer for relief.'"  *Id.* (quoting 6 J. Moore, W. Taggart & J. Wicker. *Moore's Federal Practice* ¶ 54.60 at 1212-14 (2d ed. 1983)).

The *Behrens* court, therefore, concluded that "if the plaintiff were able to adduce the necessary foundational evidence at trial, she could claim punitive damages under Rule 54(c) without a formal amendment to the pleadings."  *Id.*  In support of this conclusion, the court quoted a Fifth Circuit decision stating that "'it is not necessary to claim exemplary [i.e., punitive]

damages by specific denomination if the facts show that the wrong complained of was 'inflicted with malice, oppression, or other like circumstances of aggravation.'" *Id.* (quoting *Guillen v. Kuykendall*, 470 F.2d 745, 748 (5th Cir. 1972)).

Accordingly, in this case, Plaintiffs' punitive damages request can only be dismissed at the motion to dismiss stage if Plaintiffs' underlying tort claims are dismissed.[2]  Moreover, even though Plaintiffs sought punitive damages in their Complaint and pleaded facts to support punitive damages, they were under no obligation to plead punitive damages in conjunction with those claims and would be entitled to seek punitive damages at trial if the facts at trial supported such a request.  The issue of punitive damages is simply not ripe at this time.  Punitive damages should not be decided until the evidence at trial is presented and, at the least, not before the close of discovery.[3]  It is improper to try to dismiss punitive damages under the standards for judging Rule 12(b)(6) motions.

Punitive damages, as a remedy sought for a certain claim, are not subject to the *Twombly* and *Iqbal* standards.  Rather, the claim that they are sought with is subject to the standards.  In this case, Defendant contends that Plaintiffs duty to warn claim is not pleaded with sufficient factual support.  At the hearing on this motion, Defendant argued that the Complaint failed to

---

[2]  The claims asserted in this action are the types of claims for which punitive damages are available if the facts support such an award.  The court takes no position on whether a request for punitive damages should be dismissed as a matter of law on a motion to dismiss if the claim was of a kind that would not typically allow for punitive damages.  Such circumstances are not before the court.

[3]  A request for punitive damages can be dismissed on summary judgment after the close of discovery if the undisputed material facts demonstrate that the punitive damages standard cannot be established as a matter of law.  However, the summary judgment stage differs significantly from the 12(b)(6) motion to dismiss stage presented in this case where no discovery has taken place and the court is determining only whether the allegations of the Complaint are sufficiently pleaded and able to proceed to discovery.

clearly identify which product was alleged to be defective and when Defendant received certain knowledge and should have acted.

Defendant argues that alleging that "over the years" Coleman has had certain knowledge is not specific enough to indicate what years were implicated and whether the years were before or after the manufacture of the heater in question.  Defendant also argues that Plaintiffs' allegations that Coleman's products are defectively designed and that the warnings and instructions are insufficient are exactly the type of "thread-bare recitals of the elements of a cause of action" that *Twombly* and *Iqbal* prohibit.

Plaintiffs have identified Defendant's knowledge of the deficiencies in its products based on prior deaths, the CPSC's notifications, and its competitor's safe designs.  Plaintiffs have also alleged that despite this knowledge, Defendant has taken no steps to warn its customers at the time of the initial sale or afterward.  These allegations are not mere recitations of the elements of the claims and are sufficiently factual to meet *Twombly* and *Iqbal* standards.   In addition, details such as the specific date Defendant learned of the dangers of its product are not required under *Twombly*.  Defendant can explore the specific years in discovery.

The court, however, does agree with Defendant that Plaintiffs should be specific in the product or products that they believe is or are defective.  In Plaintiffs' Amended Complaint to be submitted within 20 days of the date of this Order, Plaintiffs shall identify which products are included in the products liability claim and which products are included in the duty to warn claim.  In all other respects, the court finds Plaintiffs' Complaint to be sufficiently pleaded.

**4.  Federal Rule of Civil Procedure 9(g)**

Defendant further argues that Plaintiffs' claim for punitive damages should be dismissed

under Federal Rule of Civil Procedure 9(g).  Rule 9(g) provides that "[i]f an item of special

damage is claimed, it must be specifically stated."  Fed. R. Civ. P. 9(g).  Defendant argues that

this rule regarding a heightened pleading standard for special damages should be applied to the

pleading of punitive damages.  Rule 9(g), however,  specifically states that it applies to special

damages, not punitive damages.  Special damages are not akin to punitive damages and are based

on entirely different public policy considerations.  Defendant cites to no cases applying the

special damages requirement in Rule 9(6) to punitive damages, and this court is not willing to do

so.  Therefore, Defendant's motion to dismiss on this basis is denied.

## CONCLUSION

Based on the above reasoning, Defendant The Coleman Company Inc.'s Motion to

Dismiss is GRANTED IN PART and DENIED IN PART as discussed above.  Plaintiff shall file

an Amended Complaint within twenty days of the date of this Order.

DATED this 9th day of December, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge