IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| AMBER DOWDY, et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>THE COLEMAN COMPANY, INC.,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO REQUIRE DEFENDANT TO PROVIDE APPROPRIATE RESPONSES TO REQUEST FOR ADMISSIONS (Docket No. 116)**<br><br>Case No. 1:11-cv-00045-DAK-EJF<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Evelyn J. Furse |

　　　　On September 9, 2011, District Judge Dale A. Kimball referred this case to Magistrate Judge Brooke C. Wells under 28 U.S.C. section 636(b)(1)(A). (Docket No. 34.) On May 22, 2012, this referral was reassigned to Magistrate Judge Evelyn J. Furse. (Docket No. 93.) The Court has read the Motion and Memoranda submitted for and against Plaintiffs' Motion to Require Defendant to Provide Appropriate Responses to Request for Admissions (Docket No. 116).

　　　　As the parties prepared for trial, Plaintiffs moved the Court to, in short, "clean up" Defendant's responses to the Requests for Admission ("RFA") for use at trial. Because Defendant's responses meet the RFAs posed, the Court DENIES the Motion.

　　　　As set forth in Wright & Miller, "[i]f a responding party files a response that contains the proper detail, . . . the propounding party may not challenge the denial on the ground that it is unsupported by the evidence." 8B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, *Federal Practice & Procedure* § 2263 (3d ed. 2012). Similarly, a motion under Federal Rule of Civil Procedure 36 does not provide a vehicle to either establish disputed

1

facts or strike qualifications on a response. *U.S. v. Operation Rescue Nat'l,* 111 F. Supp. 2d 948, 968 (S.D. Ohio 1999); *Cont'l Cas. Co. v. Brummel*, 112 F.R.D. 77, 81 (D. Colo. 1986).

**Amended Responses**

The parties engaged in a meet and confer on these issues that ended with a letter from the Defendant offering to amend certain responses and not others. That letter ended with the statement "After reviewing, please call or email me to confirm that we may move ahead with an amended pleading incorporating the suggestions herein." (Pls.' Mem., Ex. 2.) Plaintiffs read the letter and determined the parties had reached an impasse and therefore did not respond. The Motion and the subsequent briefing all treat the RFAs as if Defendant had amended its responses as provided in the letter. Given the Court's denial of the Motion, the Court ORDERS Defendant to provide an official amended response to Plaintiffs as offered in the letter.

**RFA re: Witness Testimony**

RFA 5 asks Defendant to admit what testimony the medical examiner would give. Because neither party has deposed the medical examiner, Defendant lacks sufficient knowledge to admit anything beyond what it has offered to admit in its amended response, namely that if the examiner testified consistently with his report, he would testify that the decedents died from carbon monoxide poisoning. Therefore, the Court denies Plaintiffs' Motion with respect to RFA 5.

**RFAs re: the Location of Defendant's Products at the Time of Death**

RFAs 8, 9, and 10 seek admissions regarding the location of Defendant's products inside the tent at the time Steven Dowdy and Darian Thomlinson died. Defendant's amended answers admit others have said Defendant's products were in the tent but stop short of admitting they were actually in the tent at the time of death. Rule 36(a) does not authorize a court to make a

factual determination about the accuracy of a denial or permit a court to establish facts where the responding party has provided a complete response to the request for admission. *Operation Rescue,* 111 F. Supp. 2d at 968; *Lakehead Pipe Line Co. v. Am. Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997); *Foretich v. Chung,* 151 F.R.D. 3, 4–5 (D.D.C. 1993). "[A]n answer to a request for admission is insufficient if it is not specific or the explanation for the refusal to admit or to deny lacks detail, not because a denial may be contrary to the evidence." *Operation Rescue,* 111 F. Supp. 2d at 968 (citing *Foretich,* 151 F.R.D. at 4–5). As Defendant was not present at that time, Defendant has no personal knowledge of where its product was. Defendant provided sufficient detail in its responses to RFAs 8, 9, and 10 to make clear what it could admit and what it denied. The Court denies Plaintiffs' Motion with respect to RFAs 8, 9, and 10, because Plaintiffs cannot use this motion to establish facts where Defendant has given a complete answer.

**RFAs re: Other Vehicles**

RFAs 11 and 12 seek admissions about the non-existence of evidence to support the theory that vehicles outside the tent could have caused the carbon monoxide poisoning. Defendant denied both requests. Plaintiffs argue the Court's ruling excluding expert testimony that a vehicle outside the tent could have caused the deaths requires Defendant to admit both of these requests. The ruling makes no such requirement.

The Court's ruling excluding Mr. Roby's testimony states: "Roby's alternative source theory is not supported by the facts in this case and must be precluded under *Daubert*." (Mem. Dec. & Order 18, Sept. 12, 2012, Docket No. 113.) Plaintiffs seek to extend the Court's ruling to require Defendant to admit no such evidence exists. A motion for a determination of the sufficiency of responses to requests for admission cannot establish facts where a party has denied

the request.  "[A]n answer to a request for admission is insufficient if it is not specific or the explanation for the refusal to admit or to deny lacks detail, not because a denial may be contrary to the evidence."  *Operation Rescue,* 111 F. Supp. 2d at 968 (citing *Foretich,* 151 F.R.D. at 4–5).  Defendant's denial sufficiently meets the request.[1]

> More importantly, Rule 36(a) does not authorize a Court to prospectively render determinations concerning the accuracy of a denial to a Request for Admission, or to order that the subject matter of the request be admitted because the opposing party's unequivocal denial is asserted to be unsupported by the evidence.

*Lakehead Pipe*, 177 F.R.D. at 458 (citing *Foretich*, 151 F.R.D. at 4-5).  For these reasons, the Court denies Plaintiffs' Motion as to RFAs 11 and 12.

**RFAs re: Warnings and the Words "Carbon Monoxide"**

RFAs 14, 15, 16, 17, 18, and 19 ask Defendant to admit various objects, labels, and packaging of the products at issue lack the words "carbon monoxide" in or on them.  Plaintiffs admit Defendant does actually admit each RFA, but objects to the explanations surrounding the admissions.  Rule 36 expressly permits answering parties to qualify an answer.  Fed. R. Civ. P. 36(a)(4).  As set forth above, a motion under Rule 36 cannot establish as fact requests for admission to which the responding party has fully responded.  For each of these requests, Defendant has provided a full response in its amended responses.  Furthermore, "[a]nswers to a request for admission are not subject to a motion to strike."  *Cont'l Cas.,* 112 F.R.D. at 81.  Therefore, the Court denies Plaintiffs' Motion with respect to RFAs 14, 15, 16, 17, 18, and 19.

**RFAs re: Document Concerning Other Incidents**

RFAs 20, 21, 22, 23, 24 and 25 concern a document attached to the RFAs listing other incidents involving Defendant's products.  Defendant's responses fairly meet these requests.

---

[1] Plaintiffs do not assert they seek more information about the denial for discovery purposes.  Rather, they seek the Court to compel admission of the RFA.

Again, Plaintiffs seek to strike qualifications to the response.  Rule 36 does not provide for such a motion to strike.  *Cont'l Cas.,* 112 F.R.D. at 81.  Therefore, the Court denies the Motion as to RFAs 20, 21, 22, 23, 24 and 25.

> The quintessential function of Requests for Admissions is to allow for the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute.  This function has been faithfully served by the . . . responses.

*Lakehead*, 177 F.R.D. at 457-58.

## CONCLUSION

For these reasons, the Court DENIES the Plaintiffs' Motion (Docket No. 116).  In addition, the Court HEREBY ORDERS that Defendant provide an official amended response to Plaintiffs as offered in the above-mentioned letter (Pls.' Mem., Ex. 2).

DATED this 7th day of November, 2012.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge

5