IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| AMBER DOWDY, et al,,<br><br>          Plaintiffs,<br><br>vs.<br><br>THE COLEMAN COMPANY, INC.,<br><br>          Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:11CV45DAK<br><br>Judge Dale A. Kimball |

     This matter is before the court on Plaintiffs' Motion for Judgment As a Matter of Law and Plaintiff's Motion for New Trial.  The parties have fully briefed the motions.  The court concludes that a hearing would not significantly aid in its determination of the motions.  Accordingly, the court issues the following Memorandum Decision and Order based on the memoranda submitted by the parties, as well as the law and facts relevant to the motions.

DISCUSSION

**<u>Plaintiffs' Motion for Judgment As a Matter of Law</u>**

     Plaintiffs assert several grounds for judgment as a matter of law.  First, Plaintiff asserts that there is overwhelming evidence that the heaters caused the deaths in this case and there is no evidence of any other source of carbon monoxide.  While the evidence supports Plaintiffs' assertion that the heaters were the only source of carbon monoxide, the court must look at the evidence supporting the legal cause of the deaths.  The question for the jury in this case was whether a design defect and/or inadequate warning was the cause of the deaths or whether Steven

Dowdy acted negligently and caused the deaths.  There was sufficient evidence supporting both parties' theories of the case for the case to go to the jury and for the jury's verdict to be upheld.  Accordingly, judgment as a matter of law is inappropriate.

Next, Plaintiffs contend that Defendant's failure to incorporate a safer alternative design makes the product defective and unreasonably dangerous.  However, Defendant presented evidence to show that the alternative safe design was not feasible.  The CPSC concluded that neither thermocouple placement nor the addition of an ODS was a feasible carbon monoxide shut-off design for a radiant bulk-mount heater.  Defendant presented evidence that the addition of an ODS would fundamentally alter the heater from a high pressure heater to a low pressure heater.  Therefore, the court concludes that Plaintiffs are not entitled to judgment as a matter of law on this basis.

Plaintiffs further claim that the evidence demonstrates that the heater is much more dangerous than a reasonable user could have expected because of the amount of carbon monoxide released in the nearly off position, or what it refers to as tank valve control.  Factually, however, there was substantial evidence in this case that the heater was not operated on tank valve control.  Evidence at trial demonstrated that the heater was on high and the tank valve was closed.  Whereas, tank valve control would involve the heater set on low and the tank valve open.  Therefore, the facts do not support Plaintiffs' request for judgment as a matter of law on this basis.

Plaintiffs also argue that the court should conclude that the warning was inadequate as a matter law.  However, the jury concluded that the warning was inadequate.  Because the warning was inadequate, Plaintiffs further contend that the court must rule as a matter of law that the

warning's inadequacy was the cause of the deaths because there is no evidence to rebut Utah law's "read and heed" presumption.  Although there was evidence presented that the heater's warning was inadequate, there was also evidence presented to support the jury's verdict that such inadequacy did not cause the deaths because Steven Dowdy would not have heeded an adequate warning.  Plaintiffs' experts opined that the heater's warning was inadequate because it failed to mention carbon monoxide.  However, in this case, there were several warnings for Dowdy to heed–there were warnings on the tent and on the propane tank.  Both the tent and propane tank warnings specified carbon monoxide, and Steven Dowdy did not heed either of those warnings.  Moreover, there was evidence that Steven Dowdy did not heed the warning that was actually on the heater.  The heater stated that the product was to be used only outside and Dowdy used the heater in a small enclosed place.  Dowdy's friend also testified that he warned Dowdy not to use the tent inside the tent, and Dowdy did not heed his friend's warning.  Furthermore, while Dowdy's mother was not testifying specifically as to the time of the accident, she testified that Dowdy was not the type of person to read or follow instructions.  Therefore, Defendant presented substantial evidence that even if the warning was inadequate, it was not the cause of the deaths because Dowdy did not read or heed any of the warnings.  Defendant's evidence sufficiently rebutted the read and heed presumption.  Accordingly, the court finds no basis for granting Plaintiffs' Motion for Judgment As a Matter of Law and such motion is denied.

**Plaintiffs' Motion for New Trial**

Plaintiffs assert five grounds for a new trial.  First, Plaintiffs contend that the court's jury instruction stating that the jury should consider evidence regarding similar prior incidents only for purposes of notice reversed the court's prior order on the motion in limine and unduly

restricted the relevance of the evidence. The jury instruction was not inconsistent with the court's prior order. The court's prior order stated that "the other incidents are substantially similar enough to be admitted for purposes of Coleman's notice that such events were occurring and that there may have been problems with its products. The jury will be instructed at trial that these other incidents are not being introduced to prove the facts of this case and that they should consider the other incidents for the purpose of determining whether Coleman had notice of potential design defects in its products." Moreover, the jury instruction did not unduly restrict the jury's consideration of the evidence. Coleman's notice of the other incidents is relevant to several of the issues decided by the jury but none of the other incident evidence could prove the facts of this case. It was for this jury to determine whether there was a design defect or adequate warning. In fact, it is quite possible that the evidence presented that Coleman had notice of several carbon monoxide deaths associated with its heaters and failed to state carbon monoxide specifically on its warning led the jury to conclude that the warning was inadequate. However, it is only Coleman's notice of the prior incidents that was relevant to such a conclusion. Moreover, Plaintiffs have not demonstrated how a different instruction would have produced a different result.

Plaintiffs next assert that the court erred in admitting the Canadian Gas Association certification without proper foundation. While the foundation for the certification was thin, the certification was admitted to impeach testimony from Plaintiffs' expert that Coleman's heater did not meet the Canadian Association's standards. The court believes it was proper rebuttal evidence given Plaintiffs' expert's testimony.

Plaintiffs also contend that the court erred in excluding the Goldhaber Study because it

was critical to its expert's opinions as to the inadequacy of the heater's warning and users' awareness of the hazards associated with using propane heaters.  However, Plaintiffs provided no foundation for the study because Hutter did not prepare the report.  In addition, the study was based on a different type of heater.  Even if the court erred in excluding the study, Plaintiffs have not shown that they were prejudiced or that it would have produced a contrary result.  The jury found that the warning was inadequate and there was substantial evidence that Steven Dowdy had knowledge regarding the risks of carbon monoxide.

  Plaintiffs further argue that the court erred in allowing testimony of Steven Dowdy's alcohol consumption on the night of the incident.  The evidence, however, was limited to witnesses' actual observations and was relevant to whether Steven Dowdy's own negligence was a cause of the deaths.  Plaintiffs contend that Utah has a heightened standard for allowing evidence of alcohol consumption.  However, the case Plaintiffs' cite for such proposition is not on point because it involved alcohol consumption a day before the incident and arguments that the decedent was suffering from a hangover.  *Pearce v. Wistisen*, 701 P.2d 489 (Utah 1985).  There is no basis for concluding that the limited evidence of alcohol consumption in this case was more prejudicial than probative.

  Finally, Plaintiffs assert that the jury's verdict was perverse because it found the heater's warning   was inadequate but not a cause of the deaths.  As discussed above, Defendant presented substantial evidence to rebut Utah law's heeding presumption.  There was significant evidence demonstrating that Steven Dowdy would not have changed his behavior even if the heater had an adequate warning.  Steven Dowdy did not heed the warnings on the heater, he did not heed the warnings on the tent or propane heater, and he did not heed his friend's warning.  Accordingly,

the court finds no basis for granting a new trial based on the jury's verdict.

The court concludes that Plaintiff has not demonstrated any error or errors, either individually or cumulatively that would provide grounds for a new trial. Accordingly, Plaintiffs' Motion for New Trial is denied.

## CONCLUSION

Based on the above reasoning, Plaintiffs' Motion for Judgment As a Matter of Law is DENIED and Plaintiff's Motion for New Trial is DENIED.

DATED this 11th day of March, 2013.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge