IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| AMBER DOWDY, et al,,<br><br>                Plaintiffs,<br><br>vs.<br><br>THE COLEMAN COMPANY, INC.,<br><br>                Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  1:11CV45DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiffs' Motion to the Court to Review the Clerk's Taxation of Costs and Defendant The Coleman Company, Inc.'s Motion to Review Court Clerk's Taxation of Costs.  The court concludes that a hearing would not significantly aid in its determination of the motions.  Accordingly, the court issues the following Memorandum Decision and Order based on the memoranda submitted by the parties, as well as the law and facts relevant to the motions.

DISCUSSION

Review of Costs Awarded to Defendant

Both parties seek review and modification of the Clerk's March 6, 2013 Taxation of Costs granting Defendant costs in the amount of $23,200.70.  Plaintiffs renew all previous objections made to Defendant's Bill of Costs and specifically objects to the Clerk's order based on: (1) the award of the greater amount of video or transcript deposition expenses; (2) the award of deposition expenses contained in combined court reporter bills; (3) the award of travel

expenses above the government rate; and (3) the award of exhibit costs for exhibits not used at trial.  Defendant objects to the Clerk's decision to disallow costs for trial technical support fees amounting to $13,881.00.

### 1. Video/Transcript Costs

Plaintiffs contend that the Clerk erred in awarding Defendant costs for the more expensive deposition costs.  Plaintiffs argue that the Clerk should have awarded the least expensive method.  Defendant, however, sought to recover costs for both video and transcript fees.  Although Defendant cited cases in support of its position, the Clerk compromised in allowing costs for the more expensive method.  The court agrees with this compromise approach and concludes it is a reasonable award of costs for the deposition expenses.  Accordingly, Plaintiff's objection is denied.

### 2. Combined Deposition Bills

Plaintiffs contend that several of the court reporter bills submitted by Defendant as claimed costs had several deposition charges combined into a single bill ans such bills are not the best evidence of Defendant's costs.  However, all reporter fees are recoverable as costs and the actual court reporter bills are the best evidence of the costs.  The documentation provided by Defendant may not be in an ideal format, but it is the actual bill and it is sufficient.  Therefore, the court finds no basis for this objection.

### 3. Travel Expenses

Next, Plaintiffs argue that the Clerk erred in awarding travel expenses at amounts greater than the standard government rate.  The standard government rate referenced by the Clerk, however, is not the basis used for awarding costs.  Rather, it appears to the court that the Clerk

was merely using that rate as a comparison to the rates requested by Defendant.  The Clerk then used that government standard rate to reach a compromise amount for travel costs.  The court believes that this was a reasonable approach.  Accordingly, the court finds no basis for disturbing the Clerk's award for these travel fees.

    **4.  Trial Exhibits**

Plaintiffs next argue that the Clerk erred in awarding costs for 102 trial exhibits when only one was used during trial.  Defendant, however, explains that Plaintiffs misread the invoice.  The invoice does not state that Defendant purchased 102 items; rather, it means that Defendant bought 102 square feet of foam core mounting for enlarged photographs.  Defendant's recollection was that the number of photographs was ten.  These enlarged photographs were necessary for Defendant's defense of the case and the award of costs for such exhibits was proper.

    **5.  Trial Technical Support**

Defendant seeks review of the Clerk's decision to disallow trial technical support costs.  The Clerk recognized that this cost is not specifically addressed in 28 U.S.C. § 1920, which was enacted well before trial technology began.  The Clerk, however, further recognized that while the court has discretion to award these costs, the Clerk may not exercise such discretion.

Defendant has established that several courts have recognized that these costs can be awarded.  In addition, Defendant has established that its trial support made the trial run more smoothly and that Defendant's trial support technician assisted Plaintiffs as well as Defendant.  While noting that these services were beneficial during trial, the court must also recognize that such services were not completely "necessary" to the defense.  Moreover, the court also notes

that the requested amount for these services, $13,881.00, amounts to more than half of all costs awarded by the Clerk. Nonetheless, Plaintiffs also profited from these services in this case. In its discretion, the court awards Defendant a portion of the requested costs for trial technical support in the amount of $4627.00.

## CONCLUSION

Based on the above reasoning, Plaintiffs' Motion to the Court to Review the Clerk's Taxation of Costs is DENIED and Defendant The Coleman Company, Inc.'s Motion to Review Court Clerk's Taxation of Costs is GRANTED IN PART AND DENIED IN PART. The court orders that Defendant be awarded costs in the additional amount of $4627.00, for a total award of costs in the amount of $27,827.70.

DATED this 7th day of May, 2013.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge